IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHARLES W. MILLER,

    Plaintiff,

v.

WARDEN J.E. THOMAS, et al.,

    Defendants.

No. 3:10-cv-00376-HU

OPINION AND ORDER

MOSMAN, J.,

    On February 22, 2012, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") [36] in the above-captioned case recommending that I grant in part and deny in part the Motion to Dismiss [13] filed by defendants J.E. Thomas, Cheryl Pauley, and Does 1-3. Defendants filed Objections [38]. For the following reasons, I adopt in part Judge Hubel's F&R.

## STANDARD OF REVIEW

    The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate

1 – OPINION AND ORDER

judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Defendants raise three objections to Judge Hubel's F&R: (1) plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"); (2) defendants Warden Thomas and Cheryl Pauley are entitled to qualified immunity; and (3) plaintiff's *Bivens* claim will extend *Bivens* into a new type of action. First, I adopt Judge Hubel's legal conclusion as to PLRA exhaustion and have expounded on his recommendation. Second, I adopt Judge Hubel's recommendation that Does 1–3 not be granted qualified immunity, and that I am unable to determine qualified immunity as to Ms. Pauley because I lack personal jurisdiction. However, I decline to adopt Judge Hubel's qualified immunity recommendation as to Warden Thomas. Lastly, I find defendants' *Bivens* objection unpersuasive and adopt Judge Hubel's recommendation without further discussion.

### I. PLRA Exhaustion Requirement

I agree with Judge Hubel's finding that threats or intimidation by prison officials can excuse the exhaustion requirement under the PLRA and adopt his recommendation that the facts as plead constitute such an exception at this stage. I elaborate only to clarify this conclusion, and note that there is a split in the circuits with regard to the showing that an inmate must make in order to overcome his or her failure to exhaust. The Second and Seventh Circuits have adopted an objective test. *See Hemphill v. New York*, 380 F.3d 680, 688 (2nd Cir. 2004) ("The test for deciding whether

the ordinary grievance procedures were available must be an objective one: that is, would 'a similarly situated individual of ordinary firmness' have deemed them available.") (quoting *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)); *Kaba v. Stepp*, 458 F.3d 678, 684–86 (7th Cir. 2006). The Tenth and Eleventh Circuits, on the other hand, excuse exhaustion only if an inmate is able to show both that: "(1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust." *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008); *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) ("The Eleventh Circuit's analysis in *Turner* serves as the best model.").

      I adopt Judge Hubel's factual recitation with regard to the PLRA exhaustion requirement, and I find that the alleged threats in this case, viewing the allegations of material fact as true and construing them in the light most favorable to Mr. Miller, would deter a reasonable inmate of ordinary firmness from pursuing the grievance process. In doing so, and solely for the purposes of defendants' motion to dismiss, I necessarily find that these same threats actually deterred Mr. Miller from exhausting his administrative remedies. It appears axiomatic at this stage that a finding in plaintiff's favor as to the objective component of the analysis, coupled with the undisputed fact that plaintiff did not exhaust his administrative remedies, necessarily compels a favorable finding as to the subjective component, as it would take a unique set of facts in which a court could construe well-pled allegations of threats as deterring a reasonable inmate from exhaustion while simultaneously finding that the same threats were not the driving force behind plaintiff's failure to exhaust. As defendants have indicated in their objections, this case bears some indicia of qualifying as just such an outlier. However, because plaintiff faces a rather low burden at this stage

3 – OPINION AND ORDER

in terms of the allegations that he must make in order to plausibly demonstrate entitlement to an exception from the PLRA exhaustion requirement, I find that plaintiff's vague allegations of threats, taken as true, raise the reasonable inference that he was actually deterred by them. In clarifying Judge Hubel's recommendation, I make no comment on what test I find most appropriate, and merely find that plaintiff's claim should go forward at the motion to dismiss stage regardless of whether he must prove only an objective component, or both objective and subjective components. Therefore, I deny defendants' motion to dismiss on the basis of plaintiff's failure to exhaust administrative remedies, but reiterate Judge Hubel's comment that discovery will go a long way in determining whether an exception to the PLRA exhaustion requirement continues to be appropriate in this case.

## II.    Qualified Immunity

Judge Hubel aptly paraphrased *Alston v. Read*, 663 F.3d 1094 (9th Cir. 2011), in noting that the issue as to qualified immunity in this case is whether defendants would have understood that they were violating plaintiff's constitutional rights by failing to respond to his complaints that his sentence was miscalculated by performing an investigation. In recommending that defendants are not entitled to qualified immunity here, Judge Hubel relied on the following facts: (1) Mr. Miller presented a copy of his Judgment and Sentence to Doe 1 in March 2008 and then approached Does 1–3 every week from May 2008 through the summer of 2008; (2) Mr. Miller approached Warden Thomas in or around the summer of 2008 at standing mainline and informed him that his sentence had been miscalculated; and (3) Mr. Miller did not submit a written request to Warden Thomas or file any type of formal grievance. Judge Hubel concluded that "the facts as pled would allow the trier of fact to determine that the BOP acted unreasonably in failing to investigate Miller's claim that he was being detained beyond termination of his sentence." (F&R

[36] 13). Defendants argue that Warden Thomas and Cheryl Pauley are entitled to qualified immunity, because there is no clearly established law which would have indicated to either of them that their actions in this case would have violated plaintiff's constitutional rights. I adopt Judge Hubel's recommendation as to Does 1–3 and address defendants' objections as to Warden Thomas and Ms. Pauley in turn.

a. Qualified Immunity – Warden Thomas

Defendants' argument focuses on the second prong of the two-part qualified immunity test, which requires "the right at issue [to be] clearly established at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quotation omitted). I may solely address this prong, because if the right was not clearly established, Warden Thomas is entitled to qualified immunity. *See Alston*, 663 at 1098. In *Alexander v. Perrill*, 916 F.2d 1392, 1398 (9th Cir. 1990), the Ninth Circuit reaffirmed its decision in *Haygood v. Younger*, 769 F.2d 1350 (9th Cir.1985) that "prison officials who are under a duty to investigate claims of computational errors in the calculation of prison sentences may be liable for their failure to do so when a reasonable request is made." In *Haygood*, plaintiff wrote the warden a letter challenging the officials' interpretation of the state statutes under which his sentence was calculated. 769 F.2d at 1353. In *Alexander*, plaintiff offered "verified court documents and other proof" which "at a minimum raised a substantial question regarding the correctness" of the prison officials' decision. 916 F.2d at 1399. In this case, plaintiff's sole allegation specifically concerning Warden Thomas is that he approached him at the warden's "standing mainline" "[in] or around the summer of 2008," and "appraised Warden Thomas of his torture trying to gain redress about [his] release date being calculated wrong," and that the warden told him that "'B.O.P.'s decision is final.'" (Compl. [2] ¶ 19).

5 – OPINION AND ORDER

In *Iqbal*, the Supreme Court noted that, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff's complaint alleges no facts, taken as true, that would allow me "to draw the reasonable inference that" Warden Thomas is liable for the actions of Does 1-3. *Id.* at 678. For both of these reasons, the actions of Does 1–3 cannot be conflated with Warden Thomas in this case. Therefore, the issue regarding qualified immunity as to Warden Thomas is whether a reasonable officer in his place would know that he or she has a duty to investigate as a result of plaintiff's informal verbal complaint a standing mainline.

It was not clearly established in this case that Warden Thomas had a duty to investigate plaintiff's overdetention claim based on his sole complaint at standing mainline, because the complaint was not a "reasonable request" under established Ninth Circuit law. Unlike in *Haygood* and *Alexander*, plaintiff did not present Warden Thomas with verified court documents or other proof in support of his allegation that his sentence had been miscalculated. Nor did plaintiff follow up with Warden Thomas in writing subsequent to his informal verbal complaint. For these reasons, it was not "sufficiently clear" that Warden Thomas had a duty to investigate plaintiff's claim such that a reasonable officer would understand that his failure to do so in the circumstances would have violated Mr. Miller's constitutional rights. *Alston*, 663 F.3d at 1098 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Therefore, I grant Warden Thomas qualified immunity to the extent that plaintiff is arguing that the warden had a duty to investigate plaintiff's allegation of overdetention based solely on his informal verbal complaint. However, I will allow plaintiff to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2) if he feels that he is able to sufficiently

plead some factual basis under *Iqbal/Twombly* for imputing the actions of Does 1–3 to Warden Thomas.

    b. <u>Qualified Immunity – Cheryl Pauley</u>

As Judge Hubel indicated, because no personal service has been accomplished on Ms. Pauley to date, I lack personal jurisdiction over this defendant and dismiss her from this case pursuant to Fed. R. Civ. P. 12(b)(5). Therefore, I am unable to address qualified immunity as to Ms. Pauley.

## CONCLUSION

Upon review, I ADOPT IN PART Judge Hubel's F&R [36]. Defendants' Motion to Dismiss [13] is GRANTED IN PART AND DENIED IN PART. Defendants' motion to dismiss plaintiff's injunctive claim is GRANTED. Defendants' motion to dismiss plaintiff's remaining claims is DENIED. Warden J.E. Thomas is GRANTED qualified immunity. Defendant Cheryl Pauley's motion to dismiss is GRANTED based on insufficient service. Plaintiff is GRANTED leave to amend and must file an amended complaint within 21 days of this order.

IT IS SO ORDERED.

DATED this 23 day of May, 2012.

                                                    MICHAEL W. MOSMAN
                                                    United States District Court