IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CHARLES MILLER**,

               Plaintiff,

     v.

**UNITED STATES OF AMERICA
acting through the BUREAU OF
PRISONS; and JOHN DOES 1-3**,

               Defendants.

No. 3:10-cv-00376-MO

OPINION AND ORDER

**MOSMAN, J.**,

On August 11, 2014, Defendants filed a Motion to Dismiss and/or Summary Judgment As to Plaintiff's Third Amended Complaint [100]. Defendants argue that Mr. Miller's Federal Tort Claims Act ("FTCA") claim was either waived at an earlier stage of this litigation or is time barred by the relevant statute of limitations. Defs.' Motion to Dismiss [100] at 7, 9. Defendants also argue that Mr. Miller's *Bivens* action should be dismissed because of his continual failure to name any actual defendants against whom this action is brought despite having received sufficient discovery to identify the relevant individuals. *Id.* at 10.

Mr. Miller responds that his FTCA claim was not waived at an earlier stage of this litigation, and that it should not be time barred because the relevant statute of limitations should have been equitably tolled or, in the alternative, the Third Amended complaint should be found

to related back to the original filing date of this case under Fed. R. Civ. P. 15(c)(1)(C). Pl.'s Resp. [103] at 1. Mr. Miller also argues that his *Bivens* action should not be barred because he believes that he has identified at least two individuals who he intends to name as defendants. *Id.* at 8. Mr. Miller did not name these individuals as defendants in his Third Amended Complaint because he believes that he requires additional discovery prior to officially naming these two individuals as the defendants for his *Bivens* action. *Id.*

After reviewing the parties' submissions, I have determined that Mr. Miller's FTCA claim is time barred, and that his attempts to apply equitable tolling or relation back principles to this claim are without merit. Accordingly, Mr. Miller's FTCA claim should be dismissed with prejudice. Additionally, I find that Mr. Miller's repeated failure to properly identify any specific defendants in his *Bivens* action is sufficient grounds to dismiss that claim with prejudice.

## LEGAL STANDARDS

### I.    Relevant Standard for Mr. Miller's Federal Tort Claims Act Claim

Summary judgment is appropriate if the pleadings and the evidence demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of demonstrating that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To determine whether there is a genuine issue of material fact sufficient to preclude summary judgment, the court must accept all evidence and make all inferences in the nonmoving party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A nonmoving party may not simply rely on the pleadings, however, but must produce significant probative evidence supporting its claim that a genuine issue of material fact exists. *T. W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). This means that a

non-moving party must do more than merely disagree about a material issue of fact. *Jackson v. Bank of Haw*, 902 F.2d 1385, 1389 (9th Cir. 1990).

In *Wong v. Beebe*, the Ninth Circuit recently set out the requirements for applying equitable tolling to an FTCA claim statute of limitations:

> "[L]ong-settled equitable-tolling principles" instruct that "'[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" *Credit Suisse*, 132 S. Ct. [1414, 1419 (2011)] [internal citations omitted].

> As to the first element, "[t]he standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011). Central to the analysis is whether the plaintiff was "without any fault" in pursuing his claim. *Fed. Election Comm'n v. Williams*, 104 F.3d 237, 240 (9th Cir. 1996).

> With regard to the second showing, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 130 S. Ct. [2549, 2564 (2010) [internal citations omitted]. Instead, a litigant must show that "extraordinary circumstances were the cause of his untimeliness and . . . ma[de] it impossible to file [the document] on time." *Ramirez*, 571 F.3d [993, 997 (9th Cir. 2009)] [internal citations omitted]. Accordingly, "[e]quitable tolling is typically granted when litigants are unable to file timely [documents] as a result of external circumstances beyond their direct control." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).

732 F.3d 1030, 1052 (9th Cir. 2013) (en banc), *cert. granted*, *United States v. Wong*, 134 S. Ct. 2873 (2014) (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 132 S. Ct. 1414, 1419 (2012) (internal citations omitted)).

Under Fed. R. Civ. P. 15(c)(1)(C), an amendment to a pleading related back to the date of the original pleading when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

## II.    Relevant Standard for Mr. Miller's *Bivens* Action

A court should dismiss a complaint if, taking all allegations of material fact as true and construing them in the light most favorable to the nonmoving party, the complaint fails to state a claim entitling Plaintiff to relief. Fed. R. Civ. P. 12(b)(6); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). A *Bivens* action allows an individual to sue a federal employee for damages, in his or her individual capacity, for the violation of a Constitutional right. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971). In order to maintain a *Bivens* action, "a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A court however, need not accept the truth of inferences or conclusions unsupported by specific facts. *United States ex re. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986), *cert. denied*, 479 U.S. 1009 (1986).

## DISCUSSION

## I.    Summary Judgment of Federal Tort Claims Act Claim

In order to bring an FTCA claim, a party must first exhaust any available administrative remedies. 28 U.S.C. § 2675(a). Neither party disputes that for a claim to be timely under the FTCA, it must be filed within six months after the date of mailing, by certified or registered mail, notice of final denial of the claim by the administrative agency. 28 U.S.C. § 2675(b). It is also undisputed that the Bureau of Prisons ("BOP") sent Mr. Miller a final denial letter via certified mail on November 22, 2011, thus starting the six month limitations period. Defs.' Motion to

4 – OPINION AND ORDER

Dismiss [100] at 7. Therefore absent equitable tolling or determining that this claim relates back to an earlier filing date, Mr. Miller had until May 22, 2012 to file his FTCA claim. Mr. Miller, however, first pled his FTCA claim in his Third Amended Complaint, filed on July 28, 2014—clearly outside of the limitations period. Third Amend. Compl. [99].

A.   *Equitable Tolling*

Mr. Miller argues that May 22, 2012 is the incorrect date to use for determining the timeliness of his FTCA claim because the limitations period was equitably tolled until the filing of his Third Amended Complaint. Pl.'s Resp. [103] at 2. In order for equitable tolling to apply, Mr. Miller must show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in the way of filing his FTCA claim. *See Wong*, 732 F.3d at 1052.

Mr. Miller argues that adverse case law during the limitations period constituted extraordinary circumstances that prevented him from filing his FTCA claim. Pl.'s Resp. [103] at 3. Until March 27, 2013, controlling Ninth Circuit case law barred Mr. Miller's FTCA claim. *Id.* The Ninth Circuit's holding in *Orsay v. United State Department of Justice*, 289 F.3d 1125, 113–1136 (9th Cir. 2002) precluded FTCA claims against law enforcement officers unless those claims were brought for activities taken in connection with investigation or law enforcement activities. On March 27, 2013, however, the United States Supreme Court held that FTCA claims were appropriate against law enforcement officers for any acts or omissions that occurred within the scope of their employment, thereby overturning *Orsay*'s restrictions on FTCA claims. *See Millbrook v. United States*, 133 S. Ct. 1441, 1446 (2013). Mr. Miller argues that this change in the relevant law satisfies the requirements for invoking equitable tolling of the six month statute of limitations.

Assuming, *arguendo*, that Mr. Miller had been diligent in pursuing his rights and that adverse case law is sufficient to constitute "extraordinary circumstances" preventing one from filing a claim, at best Mr. Miller's argument about adverse case law supports a conclusion that the limitations period should have been tolled up to and perhaps restarted on March 27, 2013. Even giving Mr. Miller the best case that he could reasonably have hoped for his FTCA claim could have been filed up to and including September 27, 2013. But Mr. Miller did not file his FTCA claim until nearly a year after this date. Third Amend. Compl. [99]. Beginning on March 27, 2013, there was nothing that stood in Mr. Miller's way from discovering that he may in fact have had a viable FTCA claim. The fact that he did not think to look at the state of the law again until July of 2014 when he was filing a Third Amended Complaint does not satisfy the requirements for equitable tolling. There was no longer a cognizable argument that anything "ma[de] it impossible to file [the complaint] on time." *See Ramirez*, 571 F.3d at 997. Thus, equitable tolling cannot save Mr. Miller's FTCA claim.

**B.** ***Fed. R. Civ. P. 15(c)(1)(C)***

Mr. Miller argues that if this court finds that equitable tolling does not apply, it should still find that his FTCA claim is timely because, pursuant to FRCP 15(c)(1)(C), this claim relates back to his original complaint that was filed on April 5, 2010, which was filed well within the limitations period. Although Defendants concede that many of the requirements of FRCP 15(c)(1)(C) are satisfied, they argue that it does not apply because Mr. Miller cannot satisfy all of the necessary requirements of that subsection. FRCP 15(c)(1)(C)(ii) requires that the party to be brought in by amendment "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

6 – OPINION AND ORDER

I agree with Defendants that Mr. Miller fails to meet the requirements of FRCP 15(c)(1)(C)(ii). This is not a case of mistake concerning the proper party's identity. Mr. Miller himself submitted an email written by his attorney on April 25, 2012, stating that he was contemplating filing an FTCA claim and naming the United States as a party defendant. Pl.'s Resp. [104-1] at 1. Defendants responded that they believed the FTCA claim was improper under *Orsay*, which was the prevailing law at the time. *Id*. at 10. Mr. Miller appears to have agreed with Defendants and made the strategic decision not to file an FTCA claim in the face of *Orsay*. This type of strategic decision does not satisfy the requirements of FRCP 15(c)(1)(C)(ii). *See Louisiana-Pacific Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434–35 (9th Cir. 1993) (district court did not abuse its discretion in denying a FRCP 15(c) motion when there was "no mistake of identity, but rather a conscious choice of whom to sue"); *see also Steffens v. Deschutes County*, 2004 WL 1598807 (D. Or. July 14, 2004) (FRCP 15(c) relation back requires a mistake concerning the identity of the proper party; error of judgment or mistake about who should be sued under the circumstances is not a mistake covered by the rule). Mr. Miller was aware that he might have an FTCA claim and that the United States was the proper party to bring it against. He made a mistake of law and not identity—FRCP 15(c)(1)(C) therefore does not apply.

For the foregoing reasons, neither equitable estoppel not FRCP 15(c)(1)(C) can save Mr. Miller's FTCA claim. I therefore dismiss Mr. Miller's FTCA claim with prejudice.

## II.    Dismissal of *Bivens* Action

Earlier in this case, Judge Hubel issued a Findings and Recommendation ("F&R") that Mr. Miller's Second Amended Complaint be dismissed for failure to state a claim upon which relief can be granted. F&R [93] at 8. I adopted Judge Hubel's F&R in full. Docket [96]. Judge Hubel recommended, and I agreed, that Mr. Miller's *Bivens* action in the Second Amended

Complaint should be dismissed because it failed to plead how each defendant's own individual actions violated the Constitution. F&R [93] (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  In addition to recommending that I dismiss Mr. Miller's Second Amended Complaint, Judge Hubel, in his F&R, told Mr. Miller that he would "be allowed one last chance to amend his pleading to state, in good faith, viable claims against defendants from the BOP that he actually names." *Id*. at 10. Defendants argue that once again Mr. Miller's complaint fails to describe how any defendant's individual actions violated the Constitution. Defs.' Motion to Dismiss [100] at 10.

After reviewing Mr. Miller's Third Amended Complaint, I agree with Defendants that Mr. Miller has filed to cure the defects that were present in his Second Amended Complaint and that led to its dismissal. Mr. Miller continues to merely allege what Defendants as a group did to harm him. Mr. Miller never pleads any facts concerning any specific conduct by any particular individual that shows they acted with deliberate indifference or intent to miscalculate his sentence. I therefore find that it is appropriate to dismiss Mr. Miller's *Bivens* action in his Third Amended Complaint.

In his response, Mr. Miller concedes that he has failed to identify any specific individuals as defendants, but argues that with a bit more discovery, he will be able to. Pl.'s Resp. [103] at 8. He has identified two individuals, Angela Gomez and Russell Walling, whom he believes will probably be named as defendants in his next amended complaint, but he claims that he needs additional discovery to be able to "discover what conduct they engaged in with regard to the calculation of plaintiff's sentence, as well as the motivations inspiring the conduct, and their knowledge regarding the miscalculation of plaintiff's sentence." *Id*. Defendants argue that they provided Mr. Miller with a number of documents on April 21, 2014 that should have been

sufficient for Mr. Miller to identify any potential defendants and what conduct they engaged in. Defs.' Reply [105] at 9. Defendants argue that it is improper for Mr. Miller, after sitting on this discovery for five months, to now claim that it was cryptic and insufficient. *Id*.

If the discovery that Defendants provided to Mr. Miller on April 21, 2014 was insufficient for him to properly identify defendants to name in his final shot at a complaint, Mr. Miller should have reached out to Defendants or the court before now to ask for additional discovery. Mr. Miller was told he would have one last chance, and he failed to take advantage of it. Given the warning issued to Mr. Miller prior to filing his Third Amended Complaint, I find that it is appropriate to dismiss his *Bivens* action with prejudice.

Therefore, for the foregoing reasons, I GRANT Defendants' Motion for Summary Judgment of Mr. Miller's FTCA claim and GRANT Defendants' Motion to Dismiss Mr. Miller's *Bivens* action. Mr. Miller's FTCA claim is time barred for the reasons stated herein, and Mr. Miller's *Bivens* action is dismissed with prejudice for repeated failure to adequately identify who he is bringing his action against.

IT IS SO ORDERED.

DATED this __23rd__ day of October, 2014.


/s/ Michael W. Mosman ___
MICHAEL W. MOSMAN
United States District Judge

9 – OPINION AND ORDER